HELEN KELLEY, administratrix, *vs.* JAMES A. NORCROSS & another.

Suffolk.   Nov. 23, 1876. — Jan. 15, 1877.   AMES & ENDICOTT, JJ., absent.

A laborer cannot recover, for personal injuries resulting from the falling of a staging upon him, against his employer, although the staging was insufficiently built, if the employer furnished suitable materials therefor, and committed the duty of building the staging to the laborer's fellow servants, who were skilful workmen.

TORT against a firm of contractors, engaged in building Trinity Church, in Boston, by the administratrix of the estate of Patrick Kelley, who was injured, while mixing mortar on the floor of the church, by the falling upon him of a staging, and

of the stone upon it. Trial in the Superior Court, before *Gard-ner*, J., who ruled that, upon the plaintiff's evidence, she could not maintain the action, and directed a verdict for the defendants. If upon the evidence the action could be maintained, the verdict was to be set aside ; otherwise, to stand. The nature of the evidence appears in the opinion.

*E. P. Brown*, for the plaintiff.

*S. Hoar*, for the defendants.

DEVENS, J. If it be assumed that the fall of the staging, under the circumstances proved at the trial, afforded sufficient evidence that it was negligently constructed, the plaintiff still cannot recover, as the case fails to show any negligence, unless it was on the part of fellow servants of the plaintiff's intestate.

It is the duty of the master to provide the appliances with which work is to be performed, and, while he is not ordinarily responsible to a servant for the negligence of his fellow servants, yet, if such fellow servants are engaged, under his supervision, in performing this duty, which devolves upon him, he is responsible. The servant is not required to take the risk of the carelessness of those who undertake to discharge, under the master's direction, the master's duty towards him, even if they are also servants of the same master. *Coombs* v. *New Bedford Cordage Co.* 102 Mass. 572. *Ford* v. *Fitchburg Railroad*, 110 Mass. 240. Where, however, the master does not undertake the duty of furnishing or adapting the appliances by which the work is to be performed, but this duty is intrusted to or assumed by the workmen themselves, within the scope of their employment, he is exempt from responsibility, if suitable materials are furnished and suitable workmen are employed by him, even if they negligently do that which they thus undertake.

In *Arkerson* v. *Dennison*, 117 Mass. 407, upon the facts as proved, it would have been competent for the jury to have found that the defendant had not furnished suitable materials, and had not intrusted the preparation of the staging to any one else, but that he retained the direction and charge of it himself, and therefore was himself bound to exercise the proper degree of care in regard to it. That case was therefore held to have been improperly withdrawn from the jury.

In tha present case, there was no evidence which tended to show that the defendants assumed any supervision over the construction of the staging, or gave any directions in regard to it. They provided the men and materials for the work of erecting the building; and the staging, by means of which the wall was to be built, was constructed by the carpenters employed by them. There was no evidence that the men were not in all respects competent workmen, or that the materials provided were unsuitable; and, without some such evidence, there was upon these points no question upon which the plaintiff was entitled to go to the jury. If there was neglect on the part of the carpenters, either in the construction of the staging, or in leaving it, after it had been partially constructed, to be continued or completed by the masons, it was the neglect of the fellow servants of the plaintiff's intestate, who were competent to have properly performed the work. If there was negligence on the part of the masons in continuing the work of erecting the staging, it was still negligence on the part of the fellow servants of the plaintiff's intestate, who undertook to provide for themselves the necessary appliances for building the wall. In what they thus did, the master did not assume to superintend or direct. He would not be responsible to the workmen themselves, who thus erected the staging, for an injury occasioned by its negligent construction, as they took the charge of and responsibility for that which was to be accomplished, and he is not responsible to the servant who worked with them and was injured by their neglect.                    *Judgment on the verdict.*