## EUGENE COLTON vs. E. T. RICHARDS.

Hampden.    Sept. 25, 1877. — Jan. 30, 1878.    ENDICOTT & LORD, JJ., absent.

In an action by a workman against his employer, for personal injuries caused by the fall of a staging, upon which the plaintiff was at work as a mason erecting a mill, the evidence tended to show that the staging was erected by fellow workmen of the plaintiff, out of material furnished by the defendant; that the staging was insecure by reason of a small piece of defective timber, called a putlog, on which the floor of the staging rested, and which had been in use by the defendant about two years; that the material for the staging was lying on the ground in piles near the building, and, from the mass, persons, who were afterwards the fellow workmen of the plaintiff, selected such material as they wanted, including the putlog in question; that some of the workmen were journeymen whose trade it was to learn to build safe and proper staging, and that they superintended the erection of this staging. The judge instructed the jury that the plaintiff could not recover unless the jury were satisfied that the defendant did not exercise ordinary care in the selection of men and materials to erect the staging, and that such want of ordinary care caused the accident; and that, if the defendant was to furnish a staging as a completed structure, he was to use such care in so doing as any person of ordinary prudence would use in providing such a structure; and that if he was only to furnish material, or to furnish this putlog as a manufacturer's utensil, he was to use ordinary care in so doing. The judge also, at the request of the defendant, further instructed the jury that if the defendant employed competent men to take charge of the erection of this building and of the necessary staging, and furnished suitable material for building the staging, out of which material a fellow workman, not under the superintendence of the defendant or his agent, selected a defective putlog which broke after the staging was erected, by which the plaintiff was injured, the defendant was not liable; and that the defendant was not liable if he used ordinary care and prudence in the selection of competent workmen and materials, from which the staging was made. *Held,* that the plaintiff had no ground of exception.

TORT for personal injuries caused by the fall of a staging, upon which the plaintiff was at work in the employ of the defendant. At the trial in the Superior Court, before *Bacon,* J., the plaintiff introduced evidence tending to show that he was employed by the defendant to work as a mason in the erection of a mill; that, a staging being needed to work upon, the defendant sent to the building a lot of material to be used therefor, and that the staging was put up by the fellow workmen of the plaintiff. There was evidence that the plaintiff aided in putting up the staging, but he denied it; that the plaintiff went to work upon the staging after it was up, when a putlog (a piece of timber that runs

from the outer ledge of a staging to a building, and on which the floor of a staging rests) broke, and he was thrown to the ground and received the injuries complained of ; that this putlog had been in use by the defendant for about two years, and was defective by reason of one or more knots. The evidence was conflicting as to the number of the knots and ease of discovery of the defect. There was also evidence that the defendant had a large amount of staging material in a pile ; that he went with a teamster to the pile, and directed him to draw to this building from the pile what was needed for the staging at this building ; that a quantity was drawn by the teamster, which was used at the building ; that the building, on the day of the erection of the staging, was nearly completed, and the staging material was lying on the ground in piles ; that the fellow workmen of the plaintiff took from the mass, as it chanced, such material as they wanted to make this staging, including the putlog in question ; that some of the persons employed in the erection of the building were journeymen, and that it was part of their trade to learn to build safe and proper staging, and that they superintended the erection of this staging.

The plaintiff contended that it was the defendant's duty to furnish the plaintiff a staging as a completed structure, as an appliance and implement for use in his employment ; and that a putlog was a defined, prepared, manufactured utensil, made and fitted to be used in the manner this was used, and for a defined and well known component part of a staging.

The defendant testified that the other putlogs in the pile from which the one in question was taken were sound and good.

The plaintiff asked the judge to instruct the jury as follows : " 1. It is the duty of an employer to provide reasonably safe and proper material and implements for his workmen to work with and use, and his failure so to do is negligence. 2. If it was the duty of the defendant to provide for the plaintiff a completed staging as a structure, as an implement or appliance to carry on this work, then he was bound to see that the staging was a reasonably safe and strong one, and suitable to the work required of the plaintiff, and the fact that fellow workmen of the plaintiff used poor material furnished by the defendant, in the erection of such staging, is no defence. 3. If the putlog

was a manufactured and completed implement or utensil, and was furnished by the defendant for the plaintiff's use, he is liable, even though it was put in use by the act of the plaintiff's fellow workmen."

The judge refused to give these instructions, and instructed the jury that the plaintiff could not recover, unless they were satisfied that the defendant did not exercise ordinary care in the selection of men and materials to erect the staging, and that such want of ordinary care caused the accident; and that, if the defendant was to furnish a staging as a completed structure, he was to use such care in so doing as any person of ordinary prudence would use in providing such a structure; and that, if he was only to furnish material, he was to use ordinary care in the selection of material; that if he was to furnish this putlog as a manufacturer's utensil, he was to use ordinary care in so doing.

There being evidence, which the defendant contended showed that he did not superintend the erection of the staging, the judge also instructed the jury, at the defendant's request, as follows:

" 1. If the defendant employed competent men to take charge of the erection of this building and of the necessary staging, and furnished suitable material for building the staging, out of which material a fellow workman, not under the superintendence of the defendant or his agent, selected a defective putlog which broke after the staging was erected, by which the plaintiff was injured, the defendant was not liable.   2. The defendant is not liable if he used ordinary care and prudence in the selection of competent workmen and materials, from which this staging was made."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*G. M. Stearns*, for the plaintiff.

*N. A. Leonard & E. W. Chapin*, for the defendant.

COLT, J.   The plaintiff fell from an imperfect staging, while at work erecting a mill as a mason in the employ of the defendant.   To maintain an action against his employer for an injury so caused, the plaintiff must establish some neglect of a duty on the part of the defendant, arising out of the relation between them, which was the direct cause of the injury.   In this case, the only cause was the breaking of a small piece of imperfect

timber, called a putlog, on which the floor of the staging rested. In all other respects, so far as it appears, the scaffolding was built upon a suitable plan, and, with the exception stated, of suitable materials.

The plaintiff contended that it was the duty of the defendant to furnish a staging for the plaintiff, as a completed structure, ready for use in his employment, or at least to employ suitable and adequate material for its construction. He also contended that the putlog was a prepared utensil, made and fitted to be used for a defined and well known purpose, which it was the defendant's duty to provide.

Upon these several points, the judge gave full instructions, which sufficiently covered the plaintiff's requests. These instructions stated the rule, that where the master undertakes to furnish suitable structures, appliances or materials, for the use of his servants in the performance of their work, or for the erection of the structures required in its performance, he is bound to use ordinary care only, whether he is to furnish a temporary staging as a completed structure, or the materials for the same, or only a single implement for use as a manufactured utensil.

Under these instructions, with nothing more, the jury must have found either that the defendant did not assume the alleged duty in any of the forms suggested, or that the duty, whatever it was, was faithfully performed.

After these instructions had been given, the court, at the defendant's request, further ruled, in substance, that if the defendant employed competent men to take charge of the erection of this building and of the staging necessary, and furnished suitable material therefor, he would not be liable, if a fellow workman, not under the superintendence of the defendant or his agent, selected a defective putlog, by the breaking of which the plaintiff was injured ; and added, that the defendant would not be liable, if he used ordinary care and prudence in the selection of competent workmen and materials, from which the staging was made.

It is objected by the plaintiff that this last and additional sentence does not state the full measure of the defendant's duty, when, as master, he takes upon himself the business of furnishing a completed staging for the use of his workmen. In such

case, it may indeed be true that the exercise of due care in selecting men and materials will not always satisfy the obligation assumed. It may still be his duty, especially when he superintends the work himself, to see that the completed structure is in itself reasonably safe and fit for the uses to which it is devoted.

But this last statement appears to have been only intended to apply to a case where the duty of the master did not include the building of the staging, but ended with the supply of materials. The judge had just told the jury that, if the defendant was to furnish a completed staging, he was bound to use such care as a person of ordinary prudence would use in providing such a structure. This was sufficiently definite in the absence of any request for more specific instructions. The plaintiff relied on the defendant's neglect of duty in several forms, as we have seen, and the instructions asked by the defendant, taken together, imply that they all refer only to that which related to the supply of suitable material for the work. They expressly refer in terms to the case where the plaintiff and his fellow workmen are employed, to take charge not only of the erection of the building, but of the necessary staging also, and where the defective timber is selected by a fellow workman, not working under the superintendence of the defendant or his agent. As applied to such a case, all parts of the instructions given at the defendant's request are correct and consistent; and the plaintiff's objection is not well taken. *Kelley* v. *Norcross*, 121 Mass. 508. *Arkerson* v. *Dennison*, 117 Mass. 407. *Ford* v. *Fitchburg Railroad*, 110 Mass. 240. See also *Allen* v. *New Gas Co.* 1 Ex. D. 251; *Wilson* v. *Merry*, L. R. 1 H. L. Sc. 326.

A majority of the court are of opinion that the entry in this case must be                                        *Exceptions overruled.*