MICHAEL J. KILLEA vs. HENRY H. FAXON & others.

Suffolk. Nov. 19, 1877. — Oct. 17, 1878. ENDICOTT & LORD, JJ., absent.

In an action for personal injuries caused by the fall of a staging, upon which the plaintiff was at work as a coppersmith, putting up gutters on a building, while he was, as alleged in the declaration, in the employ of the defendants, the evidence tended to show that the defendants were repairing the building, and employed a skilful carpenter to superintend the whole job; that, when the time came for putting on the gutters, A., one of the defendants, told the carpenter that he wanted a staging put up, and the staging, for the sole purpose of putting on the gutters, was erected under the direction of the carpenter, who used his own brackets to support it; that the brackets were insecurely fastened to the building; that, on the next day, A. ordered the gutters of a coppersmith, and directed him to send a man to put them up; and that the plaintiff was thus sent, and, when he arrived, was directed by A. where to go to work upon the staging, which fell, causing the injuries. Held, that the only negligence was that of the carpenter, a fellow-servant, and that the action could not be maintained.

TORT for personal injuries caused by the fall of a staging, upon which the plaintiff was at work, while he was, as alleged in the declaration, in the employ of the defendants. Trial in the Superior Court, before *Gardner*, J., who ruled that, upon the plaintiff's evidence, he could not maintain the action, and, by consent of parties, before verdict, reported the case for the determination of this court. If, upon the evidence, the action could not be maintained, judgment was to be entered for the defendants; otherwise, the case was to stand for trial. The nature of the evidence appears in the opinion.

*L. W. Howes & F. A. Dearborn*, for the plaintiff.

*A. French*, for the defendants.

MORTON, J. There was evidence at the trial tending to show that the staging was improperly constructed and unsafe, because the brackets, upon which it was supported, were insecurely fastened to the building. Upon this point, there was evidence proper to be submitted to the jury.

The defendants were repairing a building belonging to the Quincy Reform Club. For the purposes of this case, we treat them as subject to the same liabilities as if they were the owners of the building. They employed one Higgins, a carpenter, to superintend the whole job. When the time came for putting

on the gutters, Faxon, one of the defendants, told Higgins that he wanted a staging put up, and the staging was erected under the direction of Higgins, who used his own brackets, for the sole purpose of putting on the gutters. Faxon, on the next day, ordered of Loring, a coppersmith, some copper gutters for the building, and directed him to send a man to put them up. Loring sent the plaintiff, and, when he arrived at the building, Faxon was there, and directed him where to go to work. There was no evidence of any negligence, except the negligence of Higgins, in constructing the staging. The question is, whether the relations of the parties were such that the defendants are responsible to the plaintiff for such negligence.

On the one hand, is the familiar rule that one who enters the service of another takes upon himself the risks incident to the employment, including the risk of the negligence of fellow-servants employed in the same service. On the other hand, is the equally well settled rule, that, if a master undertakes to furnish structures or instruments with which the servant is to work, the master is bound to use due care in providing them, and he is responsible, if, through his negligence or the negligence of other servants employed to furnish them, they are unsuitable. *Ford* v. *Fitchburg Railroad*, 110 Mass. 240. *Arkerson* v. *Dennison*, 117 Mass. 407.

We are of opinion that this case falls within the first rule. There was no evidence which would justify the jury in finding that either of the defendants undertook to furnish a staging for the plaintiff, or to assume the risk of its safety. It was like the ordinary case where a man, in building or repairing a house, employs various servants in different departments of labor. Neither of the defendants retained any charge or direction of the work of putting up the staging, but entrusted it to Higgins. He and the plaintiff were fellow-servants employed in the same service, and each took the risk of the negligence of the other. It is not contended that there was any evidence of negligence on the part of the defendants in the employment of Higgins, it appearing that he was a skilful and competent carpenter. It follows that the plaintiff has proved no negligence for which the defendants, or either of them, are responsible.

*Judgment for the defendants.*