### CHARLES A. HOPPIN *vs.* CITY OF WORCESTER.

Worcester. Oct. 3, 1884. — Oct. 23, 1885. GARDNER, J., absent.

The committee on highways of a city directed the highway commissioner to erect a building to be used to contain a machine for crushing stone for the highways of the city. The commissioner employed A., a master builder, to furnish the labor and tools required in the erection of the building. The city paid A. and the men employed by him for their services, and furnished all the materials used in the erection of the building. A. directed B., one of the men employed by him, to erect a staging for the purpose of shingling the roof of the building, and to use therefor certain brackets which belonged to A. B. used the brackets for the support of the staging. One of the brackets, being defective, broke, and the staging, upon which C. was working, fell, and he was injured. *Held*, that C. could not maintain an action against the city for his injury.

TORT for personal injuries occasioned to the plaintiff, while in the employ of the defendant, by the fall of a staging. Trial in the Superior Court, before *Blodgett*, J., who allowed a bill of exceptions, in substance as follows:

There was evidence tending to show that the committee on highways, duly appointed by the defendant city, directed the highway commissioner of the city to erect a building to hold and cover a machine used solely by the city for crushing stone for macadamizing the public ways in the city; that said commissioner employed Augustus S. Gates, a master carpenter and builder, to furnish, under the commissioner's superintendence, the labor and tools required in the erection of said building; that there was no plan to work by furnished by said commissioner or committee; that general directions as to dimensions and construction were given by the commissioner, who was a farmer and not a carpenter, and who gave no directions as to the detail of building, nor as to the staging; that the city was to furnish and did furnish all the materials for the erection of said building, and paid Gates for his own services and for the services of carpenters employed by him; that, after the frame of the building was put up and boarded, Gates directed one Green, a journeyman carpenter employed by him, to erect a staging for the purpose of shingling the roof of the building, and to use therefor certain brackets which belonged to Gates, and which he had previously brought to the building, and which

were afterwards used in the erection of the staging by Green; that the staging was composed of the brackets for support, and of lumber furnished by the defendant, and was properly and safely erected, except as hereinafter stated; that shingles were placed upon the staging, and Gates, with three journeymen under him, including the plaintiff, was at work upon the staging shingling the roof of the building; and, after a few courses had been laid, the men approached the centre of the staging for the purpose of chalking the line to mark for another course, and, while they were near the centre of the staging, the bracket underneath where they were standing broke, by reason of imperfection and insufficiency therein, and the plaintiff, with the others, fell to the ground, a distance of about twenty-two feet, and received the injuries complained of; that the bracket was manifestly unfit and unsafe for the purpose for which it was used, and was the sole cause of the accident; and that there were no materials or appliances furnished by the defendant for the erection of the staging, except those used by Green.

There was no evidence of any failure by the defendant to furnish lumber and materials when requested by Gates; and it was in evidence, and not controverted, that the commissioner of highways, when the work began, requested Gates to make out a schedule of whatever lumber was needed in erecting the building; that Gates thereupon made out a schedule; and that all the lumber called for was furnished by the defendant.

Upon the above evidence, the judge ruled that there was no evidence which would warrant the jury in finding a verdict for the plaintiff; and directed a verdict for the defendant. The plaintiff alleged exceptions.

*J. H. Bancroft*, for the plaintiff.

*F. P. Goulding*, for the defendant.

W. ALLEN, J. If the plaintiff was the servant of the defendant in the erection of the building, he was a fellow servant with Gates and Green, so far as they were employed in the construction of the staging. *Colton* v. *Richards*, 123 Mass. 484. *Killea* v. *Faxon*, 125 Mass. 485.

It is argued that Gates, in supplying the defective bracket, acted as the agent of the defendant in furnishing materials, and not as its servant to construct the staging, and was not, in that

respect, a fellow servant with the plaintiff. But Gates had no authority from the defendant to furnish materials for it, and it was not as its agent for that purpose that he used his own brackets to support the staging. If not strictly tools required to be furnished by him, they are implements prepared and kept by him for the purpose of supporting stagings, which he might use under his contract with the defendant. He had no other authority from the defendant for furnishing them. The defendant employed him to furnish the labor and tools in the erection of the building from materials to be furnished by the defendant, and it provided for furnishing all materials needed. The negligence which the evidence tends to prove is that of servants in constructing an unsafe staging, and not that of the master in not furnishing proper materials.          *Exceptions overruled.* ·