*F. A. Gaskill,* for the defendant.

---

## MICHAEL KENNEDY *vs.* HENRY N. SPRING.

Worcester.    October 4, 1893. — November 29, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Personal Injuries — Negligence of a Fellow Servant — Staging as a completed Structure — Specific Acts of Negligence not admissible in Evidence.*

In an action for personal injuries sustained by the plaintiff while in the defendant's employ by falling from a staging upon the roof of a house, which staging was put up for the purpose of building a chimney, it appeared that the plaintiff, a mason's tender, was sent by the defendant to "tend" the defendant's son, who was building the staging. The defendant furnished an abundant supply of materials for constructing the staging, but it was not built under his supervision. *Held,* that if the accident was caused by the negligence of the son in selecting improper materials, or in improperly fastening them, it was the negligence of a fellow servant, for which the defendant would not be responsible.

In an action for personal injuries sustained by the plaintiff while in the defendant's employ by falling from a staging upon the roof of a house, which staging was put up for the purpose of building a chimney, the plaintiff cannot recover if there is no evidence which would justify the jury in finding that the defendant undertook to furnish a staging for the plaintiff as a completed structure.

In an action for personal injuries sustained by the plaintiff while in the defendant's employ by falling from a staging upon the roof of a house, which staging was put up for the purpose of building a chimney, the plaintiff offered to show that the defendant's son, who was building the staging and to "tend" whom the plaintiff had been sent, had previously built another staging which had fallen down, for the purpose of showing that the son was not a competent person to put up the staging. *Held,* that specific acts of negligence were not admissible for this purpose.

LATHROP, J.   This is an action of tort, for personal injuries sustained by the plaintiff while in the defendant's employ, by reason of his falling from a staging upon the roof of a house, which staging was put up for the purpose of building a chimney.

The declaration contained two counts, the first at common law, and the second under the St. of 1887, c. 270, § 1, cl. 1. At the close of the evidence, the judge who presided at the trial required the plaintiff to elect upon which count he would proceed. The plaintiff elected to proceed upon the first count. The judge thereupon, at the request of the defendant, ruled that there was no evidence which would warrant a jury in returning a verdict for the plaintiff; and the case comes before us on the plaintiff's exceptions to this ruling, and to the exclusion of certain evidence offered by him.

As no exception was taken to the ruling requiring the plaintiff to elect upon which count he would proceed, the only question on the first branch of the case is whether the evidence makes out a case at common law. The evidence shows that the plaintiff, who was employed as a mason's tender, was sent by the defendant to the house of one Earl to "tend" the defendant's son Walter. The son was then building a staging on the roof of the house. The son called to the plaintiff to bring up two stay boards to hold the staging from swinging. This the plaintiff did, and later handed the son some planks which were upon the roof. After the staging was completed, one of the cross pieces broke, and the plaintiff fell to the ground and was injured.

The plaintiff testified that he had been a mason's tender for four years, and had acted as such in the building of chimneys; that he had repeatedly taken part in the building of stagings; that he saw the stay boards fastened, one end on the roof and one on the scaffold; and that he saw how the staging was built, and the kind of timbers used, and knew exactly how it was built, and exactly how large the timbers were. The plaintiff further testified that the stay boards which he selected to put into the staging were not from the timbers which the defendant had brought to the place for purposes of building, but were taken from another place. In answer to the question whether they were strong enough, he testified, "They just held the staging from rocking." The examination then proceeded as follows: "*Q.* They did not hold it? *A.* They did not hold it up. *Q.* And so the staging came down? *A.* Yes." As, however, the plaintiff had previously testified that he did not carry up the cross piece which broke, we do not think the judge had a right

to assume that the defective timber which broke was selected by the plaintiff, although, had the question been submitted to the jury, they would have been warranted in finding that such was the case.

On the undisputed facts of the case, the defendant furnished an abundant supply of materials for constructing the staging. It was not built under the supervision of the defendant. The plaintiff testified that it was entirely completed, and he had taken mortar and bricks upon it before the defendant arrived at the place. The plaintiff and the defendant's son were fellow servants; (see *Moody* v. *Hamilton Manuf. Co.* 159 Mass. 70;) and if the accident was caused by the negligence of the son in selecting improper materials, or in improperly fastening them, this was the negligence of a fellow servant, for which the defendant would not be responsible.

There was no evidence which would justify the jury in finding that the defendant undertook to furnish a staging for the plaintiff as a completed structure. *Killea* v. *Faxon*, 125 Mass. 485, a much stronger case on the facts for the plaintiff than the one at bar. See also *Kelley* v. *Norcross*, 121 Mass. 508; *Floyd* v. *Sugden*, 134 Mass. 563.

Nearly all of the questions excluded relate to the second count of the declaration, and are now immaterial. There is one, however, which relates to the first count. The plaintiff offered to show that the defendant's son had previously built another staging which had fallen down, for the purpose of showing that the son was not a competent person to put up this staging. But specific acts of negligence are not admissible for this purpose. *Hatt* v. *Nay*, 144 Mass. 186, and cases cited.

*Exceptions overruled.*

*W. S. B. Hopkins,* for the plaintiff.
*H. Parker,* for the defendant.