JOHN O. ELWELL *vs.* EDWARD S. HACKER, and another.

Cumberland.    Opinion May 17, 1894.

*Master and Servant.   Negligence.   Practice.   Pleading.*

To maintain an action against his employer for personal injuries, the servant must establish some neglect of duty on the part of the master arising out of the relation between them, which was the direct cause of the injury, and which the master was bound to guard against.

Ordinarily the question of due care, and of negligence, is one of fact for the jury.

But where the facts are undisputed, and there is no evidence, or the evidence is too slight or trifling to be considered by the jury, then it is the duty of the Court to order a nonsuit.

A case must not necessarily be submitted to the jury because there is a scintilla of evidence.   There must be evidence having legal weight.

If evidence is to be offered showing that the injury was received through the negligence of the master in selecting or employing incompetent fellow-servants, the declaration must contain such averment, otherwise the evidence is not admissible.

ON EXCEPTIONS.

The case is stated in the opinion.

*J. J. Perry and D. A. Meaher*, for plaintiff.
*Barrett Potter*, for defendants.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ.

FOSTER, J.   This is an action to recover damages for personal injuries sustained by the plaintiff by the fall of a staging which he was taking down while in the employ of the defendants.

The case comes up on exceptions to the ruling of the judge of the Superior Court in directing a nonsuit at the close of the plaintiff's evidence.

To maintain an action against his employer for an injury such as the plaintiff claims, he must establish some neglect of duty on the part of the defendants, arising out of the relation between them, which was the direct cause of the injury and which as matter of law they were bound to guard against.

In this case there is no evidence upon which a verdict would be sustained showing any negligence on the part of the defendants.   In such case, if upon the unquestioned facts, and uncontroverted testimony, it is apparent that the plaintiff's action cannot be maintained, it is not only competent but proper for the presiding judge so to declare by directing a nonsuit. *White* v. *Bradley*, 66 Maine, 254.   Ordinarily the question of due care, and of negligence, is for the jury.   Especially is this true when the facts bearing upon those questions are in dispute. *Larrabee* v. *Sewall*, 66 Maine, 376 ; *Aigen* v. *Boston and Maine Railroad*, 132 Mass. 423 ; or even when the facts are undisputed, and intelligent and fair-minded men may reasonably arrive at different conclusions. *Nugent* v. *Boston, Concord and Montreal R. R.* 80 Maine, 62, 70.   But where the facts are undisputed, and there is no evidence, or the evidence is too slight or trifling to be considered by the jury, then it is the duty of the court to order a nonsuit.   Where the burden rests upon a party to prove negligence, the evidence in support of it must have some legal weight.   A case must not necessarily be submitted to the jury because there is a scintilla of evidence.   That

doctrine has long been exploded, inasmuch as it would avail nothing for a jury to find a verdict which the court would set aside for the want of evidence having any legal weight to sustain it. *Connor* v. *Giles*, 76 Maine, 132; *Nason* v. *West*, 78 Maine, 253, 256.

Here, the plaintiff had built the staging himself from materials of his own selection. There is no evidence that these materials were unsuitable. On the contrary, the evidence seems to be conclusive that they were suitable from the fact that the staging had done its work, and held up the brick and mortar of a great mill, and was being levelled to the ground at the time of the accident. There is no evidence that the defendants, or either of them personally superintended the removal of the staging. The plaintiff had built it and worked for months upon it. He knew how it was constructed, and how it was to be taken down, for he had himself taken down more than three fourths of it around the mill, and was removing the balance. It might well be supposed that by that time he knew something about the work he was doing and understood and appreciated the dangers incident to it. The very platform upon which he was standing when he fell had just before been lowered by him from the story above, and was about to be lowered again. He had been instructed by one of the defendants how to remove the staging. They were not obliged to see that no accident happened to the plaintiff. He assumed the ordinary risks incident to the work in which he was engaged, including the negligence of fellow-servants. This principle is too well settled to require the citation of authorities.

But it is claimed there was a defect in the staging; that one of the stays extending through a window and fastened to the floor had been loosened or unfastened from the floor which allowed the stage to spread and precipitate the plaintiff with the plank upon which he was standing to the ground. There is no evidence, however, that the defendants were in any way responsible for the unfastening of the stay. The only evidence bearing upon this, and that is very meager, goes to show that if loosened by any one it was done by one of

the masons at work on the inside of the building, and he was a fellow-servant.

There is no evidence that any fellow-servant of the plaintiff was incompetent, or negligently selected or employed by the defendants. Nor would such evidence be admissible from the fact that the declaration contains no such averment. Such negligence, if relied on in support of the plaintiff's claim, must be averred in the declaration, and established by proof. *Dunham* v. *Rackliff*, 71 Maine, 345, 349; *Blake* v. *Maine Central Railroad*, 70 Maine, 60; *Lawler* v. *Androscoggin Railroad*, 62 Maine, 463.

The case appears to be one where an accident has happened to the plaintiff, but for which no one is responsible in law. See *Kelley* v. *Norcross*, 121 Mass. 508.

*Exceptions overruled.*