WILLIAM TWOMEY *vs.* G. F. SWIFT & another.

Middlesex.    January 16, 17, 1895. — March 2, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Injuries — Master and Servant — Defective Staging — Negligence —*
*Due Care — Evidence.*

In an action for personal injuries occasioned to the plaintiff, a carpenter, while in the defendant's employ, by the fall of a staging on which he was standing when at work upon a building, it appeared that the fall of the staging was caused by the breaking of a piece of board called a ledger-board, on which as a cross-piece the plank rested upon which the plaintiff stood; that this ledger-board, which was a piece of hemlock somewhat cross-grained, was about four or five feet long, six inches wide, and seven eighths of an inch thick, and was fastened at one end to a cleat nailed to the side of the building, and at the other end to an upright post; and that the accident happened on a cold day in winter. There was evidence that hemlock boards of the thickness of seven eighths of an inch, but of different widths, were the only materials furnished by the defendant which could properly be used for the support of the planks which formed the floor of the staging; that hemlock boards of that thickness are not suitable material for the construction of stagings; that hemlock boards are usually of coarse grain; that in cold wet weather they readily fill with moisture and freeze, and become very brittle; that when filled with frost it is difficult to detect the grain; that they are not as strong as many other kinds of lumber, and are not commonly used for staging, particularly in cold weather; that a carpenter of ordinary skill might not know the great danger of using hemlock boards as supports in the construction of stagings; and that the plaintiff had nothing to do with the construction of this staging. *Held*, that there was evidence that the defendant had not used due care in furnishing suitable materials for the staging; and that the question whether the plaintiff used due care in going upon it was for the jury.

In an action for personal injuries occasioned to the plaintiff, while in the defendant's employ, by the fall of a staging on which he was standing when at work upon a building, it appeared that the fall of the staging was caused by the breaking of a piece of hemlock board somewhat cross-grained, called a ledger-board, on which as a cross-piece the plank rested upon which the plaintiff stood, and which was fastened at one end to a cleat nailed to the side of the building and at the other end to an upright post. The following question was put to a witness, and excluded: "Assuming that the staging is built of a piece of cross-grained hemlock, six inches wide, or thereabouts, is used for a ledger-board, as has been stated here, and it breaks down, what could you say was the cause of that breaking down?" *Held*, that the question was properly excluded.

TORT, for personal injuries occasioned to the plaintiff, while in the defendant's employ, by the fall of a staging on which he was standing when at work. Trial in the Superior Court,

before *Mason*, C. J., who declined to rule, as requested by the defendants, that the plaintiff could not recover.

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions. The facts appear in the opinion.

*F. Hutchinson*, for the defendants.

*G. L. Mayberry*, for the plaintiff.

FIELD, C. J. This is an action at common law. The plaintiff, a carpenter, was injured by the fall of a staging on which he was standing when at work for the defendants. The defendants were erecting an ice-house, but were not personally directing the work. They employed a suitable superintendent, who had under him a large number of workmen. The cause of the fall of the staging was that a piece of board called a ledger-board broke, on which as a cross-piece the plank rested on which the plaintiff stood. This ledger-board was about four or five feet long, six inches wide, and seven eighths of an inch thick, and was fastened at one end to a cleat nailed to the side of the building and at the other end to an upright post. It was a piece of hemlock board somewhat cross-grained. There was evidence that hemlock boards of the thickness of seven eighths of an inch, but of different widths, were the only materials furnished by the defendants which could properly be used for the support of the planks which formed the floor of the staging. The accident happened on the seventh day of February, which was a cold, blustering day. There was evidence that hemlock boards of the thickness of seven eighths of an inch are not suitable material for the construction of stagings; that hemlock boards are usually of coarse grain; that in cold wet weather they readily fill with moisture and freeze, and become very brittle; that when filled with frost it is difficult to detect the grain; that they are not as strong as spruce or pine, or many other kinds of lumber, and are not commonly used for staging, particularly in cold weather. It probably is true that hemlock lumber may be selected large enough, and of such quality, as to make a reasonably safe staging in any season of the year, but there was evidence not objected to that a carpenter of ordinary skill might not know the great danger of using hemlock boards as supports in the construction of stagings.

The defendants rely upon *Kelley* v. *Norcross*, 121 Mass. 508;

*Killea* v. *Faxon*, 125 Mass. 485; *Johnson* v. *Boston Tow-Boat Co.* 135 Mass. 209; *Hoppin* v. *Worcester*, 140 Mass. 222; *Thyng* v. *Fitchburg Railroad*, 156 Mass. 13; *Kennedy* v. *Spring*, 160 Mass. 203; and other similar cases. But in all these cases it appears either that the defendants did not furnish the materials or appliances used, or that they furnished suitable materials, and that it was the carelessness of a fellow servant of the plaintiff in selecting the particular appliance or material which occasioned the injury. In the case at bar, while there was evidence that the carpenters who constructed the staging were careless in selecting and using this particular piece of board for the ledger-board, and perhaps evidence that the superintendent employed by the defendants was also careless, we think that there was also some evidence for the jury that the hemlock boards furnished by the defendants were generally unsuitable for the purpose of constructing stagings; that this was one purpose for which they were intended by the defendants to be used, and that therefore there was some evidence that the defendants had not used due care in furnishing suitable materials. See *Arkerson* v. *Dennison*, 117 Mass. 407; *Rice* v. *King Philip Mills*, 144 Mass. 229. There was evidence that the plaintiff had nothing to do with the construction of the staging, and the question whether he was in the exercise of due care in going upon it was for the jury. The hypothetical question * put to one Winans by the defendants, which was ruled out against their objection, related to the cause of the breaking down of the staging, and was, we think, intended to ask for an opinion as to whose negligence caused the accident. It was properly excluded.

*Exceptions overruled.*

---

* This question was as follows: " Assuming that the staging is built of a piece of cross-grained hemlock, six inches wide, or thereabouts, is used for a ledger-board, as has been stated here, and it breaks down, what could you say was the cause of that breaking down? "