CHRISTOPHER G. STEFFENSON, Respondent, v. THE ROEHR COMPANY, Appellant.

**Kansas City Court of Appeals, February 1, 1909.**

1. **MASTER AND SERVANT: Carpenter: Scaffolding: Material.** A servant is not a mere machine but must exercise his judgment in many things; and where the master employs competent workmen and provides suitable material for staging and entrusts the erection thereof to the workmen as a part of their duty, he is not liable for injuries resulting to one of them from falling of the staging.

2. ———: ———: ———: **Notice.** It is not necessary that notice should be brought to each individual laborer that the servants are building their own scaffolding.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

REVERSED.

136 App—15

*S. M. Hutchison* for appellant.

(1)   There was a total failure to prove, and the jury did not find that the servant Kincaid had committed any act of negligence on his part, and, in the absence of such proof and finding there could be' no recovery against the Roehr Company in this kind of an action.   Doremus v. Root, 23 Wash. 719, 63 Pac. 572; McGinnis v. Railroad, 200 Mo. 347; Delaplain v. Kansas City, 109 Mo. App. 107; Stevick v. Railroad, 39 Wash. 501, 81 Pac. 999.   (2)   The evidence shows that any injuries received by plaintiff were directly caused by his own negligence and the negligence of his fellow-servants.   Herbert v. Wiggins Ferry Co., 107 Mo. App. 287; Bowen v. Railway, 95 Mo. 268; Kelly v. Narcross, 121 Mass. 508; Killea v. Faxon, 125 Mass. 485; Ross v. Walker, 139 Pa. St. 42.

The plaintiff was guilty of negligence on his part which directly contributed to his injury.   Sindlinger v. Kansas City, 126 Mo. 315; Holwerson v. Railroad, 157 Mo. L. C. 230; Moore v. Railroad, 146 Mo. 572; Dunphy v. Stock Yards Co., 118 Mo. App. L. C. 519; Hulett v. Railroad, 67 Mo. L. C. 241; Shore v. Bridge Co., 111 Mo. App. l. c. 289; 1 Bailey on Personal Injuries relating to Master and Servant, 1121.

*Laughlin & Kenworthy,* for respondent, submitted an argument.

ELLISON, J.—Plaintiff was an employee of defendant as a carpenter.   He was injured while engaged in such service and brought this action for damages. He recovered a judgment for two thousand dollars.

The work consisted in putting on finish in the interior of a large banking building in Kansas City, and it was in charge of one Kincaid as defendant's representative and foreman of the work.   Plaintiff was a witness in his own behalf.   He stated that he and one

Beals worked together. He called him his "partner,"—
and that he, Beals and another were engaged in put-
ting on some finish lumber around a hallway up near
the ceiling and that it required scaffolding, for them to
stand upon, of between seven and eight feet in height.
This scaffolding was constructed by placing two "hor-
ses" or trestles near the wall about fifteen feet apart,
and then putting two boards thereon about sixteen feet
long, ten to twelve inches in width and two inches
thick. These were braced or strengthened near the cen-
ter by putting under them a piece of pine timber, one
inch thick and six inches wide, one end being tacked
to the boards and the other resting on the floor. All
three were on the scaffold, Beals near one end, the oth-
er man near the other end and himself in the
center. They were endeavoring to get a piece of
lumber, about fourteen feet long, in a place prepared
for it to fit into. It was a little too large, or, as ex-
pressed by plaintiff, it fit too tight near the center, and
plaintiff was endeavoring to force it in place. He
placed a large chisel under it by which he "pried it up"
with one hand, and hammered it with a hammer with
the other hand. In thus prying with the chisel it threw
more pressure on the scaffold, and the brace and one
of the boards broke, whereby he fell to the floor, the
other two falling on top of him, seriously injuring him.
The board broke in the center where there was a defect
made by a knot, which could not be seen by casual ex-
amination on account of being covered with dry plas-
tering. The plank, though defective by reason of the
knot, could not have given way but for the breaking of
the small support or brace underneath it, and that also
was found to have a small knot in it.

According to Beals, who was a witness for plain-
tiff, several days before, when the foreman set them to
work, he said to them (speaking directly to Beal) that
there was scaffold material,—"you gentlemen select
your own material and build these scaffolds for the

work." Plaintiff endeavors to show that there was not enough proper material; but that there was plenty with which the scaffold could have been made perfectly secure there can be no doubt. An additional "horse" or trestle under the center would have done it. And so would a better support of a larger piece of timber, or more of them, have done it. That these could readily have been had is apparent. With lumber that was either right at hand or just outside the building, additional trestle could have been built or timber for additional or better support could have been had. Beals testified that he could have made the trestle, but that he didn't want to carry them upstairs,—but admitted the lumber could have been sawed downstairs, then carried up and built upstairs.

We feel clear that the evidence in plaintiff's behalf, without looking to that for defendant, leaves him without a legal claim. "A servant is not a mere machine employed to drive a nail here or a spike there, where directed by the master, or some one representing him. Many things involving the exercise of judgment may properly be left to the servant. Hence it has been held, where the master employs competent workmen, and provides suitable material for staging and intrusts the duty of erecting it to the workmen, as a part of the work which they are engaged to perform, that he is not liable to one of the workmen for injuries resulting to one of them from the falling of the staging. [Bowen v. Railroad, 95 Mo. 268, 277; Herbert v. Wiggins Ferry Co., 107 Mo. App. 287, and authorities therein cited; Kelly v. Narcross, 121 Mass. 508; Killea v. Faxon, 125 Mass. 485; Ross v. Walker, 139 Pa. St. 42.]

But plaintiff testified that it was not said to *him* by the foreman, for him, or those working with him, to build their own scaffolding. It was however said to the others, as Beals, plaintiff's companion, or, as plaintiff termed him, "partner," in the work, testified. It is not to be expected that the master or his represen-

tative will go to each employee individually and tell him that the servants are constructing the scaffolding. About most work on a building or other structures, different servants are engaged from time to time,— they are continuously being engaged and quitting, and it would be impracticable to tell each one that the master has or has not, himself, constructed the scaffolding. The judgment should have been for the defendant, and it is accordingly reversed.   All concur.