JAMES O'CONNOR *vs.* AUGUSTUS E. RICH.

Bristol. October 29, 1895. — November 27, 1895.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Master and Servant — Due Care — Negligence — Fellow Servant — Assumption of Risk.*

An employer owes one who is about to enter his service no duty to inspect all the work which has been done by his servants previously, and which ordinarily may be intrusted to them without liability to their fellow servants for their negligence ; and the risk of accident from previous negligence of servants in their field is one of the ordinary risks of the business which the employee assumes by virtue of his contract on entering the service.

TORT, for personal injuries occasioned to the plaintiff while in the defendant's employ. Trial in the Superior Court, before *Lilley,* J., who, at the close of the evidence, at the defendant's request, directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*E. Higginson,* (*J. W. Cummings* with him,) for the plaintiff.

*J. F. Jackson,* for the defendant, was not called upon.

KNOWLTON, J. The plaintiff fell and was injured by reason of the breaking of a plank in a temporary staging on which he was working in the defendant's building. It is not disputed that the staging was of a kind the construction of which is ordinarily left to the servants of the builder, and that the duty of the master concerning it was performed if he furnished a sufficient supply of suitable materials from which to construct it. In this case there was uncontradicted evidence that there were plenty of planks furnished by the defendant from which to build the staging, and the negligence, if there was any, was on the part of the workmen who put the planks in place in taking one which was not adapted to such a use. Upon these facts, if the plaintiff had been in the defendant's service at the time when the staging was built, it would be very clear that he could not maintain his claim. *Kennedy* v. *Spring,* 160 Mass. 203.

But it appears that, although he had previously worked for a considerable time upon the building, he was away working for

another person four days before the day of the accident, and this staging was erected a day or two before his last engagement in the defendant's service began. Under these circumstances the question is whether the defendant is liable to him for the previous negligence of a servant in doing work which may properly be intrusted to servants. We are of opinion that an employer under such circumstances owes one who is about to enter his service no duty to inspect all the work which has been done by his servants previously, and which ordinarily may be intrusted to them without liability to their fellow servants for their negligence. If he owes no such duty, the risk of accident from previous negligence of servants in their own field is one of the ordinary risks of the business which the employee assumes by virtue of his contract on entering the service. See *Moynihan* v. *Hills Co.* 146 Mass. 586, 591. This point was expressly decided in *Killea* v. *Faxon*, 125 Mass. 485, a case very similar to this in its facts. See *Wilson* v. *Merry*, L. R. 1 H. L. (Sc.) 326.

*Exceptions overruled.*