### MAXFIELD v. GRAVESON.

(Circuit Court of Appeals, Sixth Circuit. June 8, 1904.)

No. 1,282.

1. MASTER AND SERVANT—INJURY OF SERVANT—ACTS OF FELLOW SERVANTS.

A master who furnished a stiff-leg derrick requiring no guy rope for use by his employés in unloading stone from cars, which was complete and in good repair, and suitable for the work, is not liable for the injury of an employé by the falling of a block forming part of a guy line which had been rigged by fellow servants of such employé for their own convenience to enable the derrick to be given a longer reach than it was intended to have, so that a car might be unloaded without being moved, such line having been put on in the absence of the master, and without his knowledge.

2. SAME.

The fact that an employé was not present at the time a change was made in an appliance by his fellow servants, without the master's knowledge, by reason of which he was subsequently injured, does not render the master liable for the injury.

¶ 2. See Master and Servant, vol. 34, Cent. Dig. §§ 388, 397, 567.

In Error to the Circuit Court of the United States for the Western Division of the Southern District of Ohio.

Brent Spence and Michie & Green, for plaintiff in error.
Stephens, Lincoln, & Stephens, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. This was an action for personal injuries. In November, 1902, the defendant, as contractor, was engaged in building the stonework of the new intake pier of the Cincinnati Waterworks. A small number of men were engaged upon the job, and among others the plaintiff, who was employed as a day laborer. On November 7, 1902, the plaintiff was at work turning the crank or crab of a small derrick used to lift blocks of stone from a railroad car to a truck on which they were run out to the pier. While so engaged, a block, a part of a guy line fastened to the top of the derrick, fell, and struck the plaintiff on the head, injuring him. For this he brought suit, alleging the defendant was negligent in fastening the block at the top of the derrick with a defective and worn-out rope, and in not fastening it there with an iron chain or band. At the conclusion of the testimony the court below directed a verdict for the defendant on the ground that the guy line, of which the block was a part, did not belong to the derrick, which was complete in itself, but was attached by the men employed on the job for their own convenience, to enable them to secure a wider reach in handling the stone, so that the negligence which caused the injuries of the plaintiff was that of his fellow servants. For this error is assigned.

There was no conflict in the testimony. The derrick was a small, stiff-leg derrick, in which the mast is held upright by two timbers or stiff legs, the upper ends of which fit over an iron pin in the top of the mast, and are there fastened or held down by a piece of iron which runs through the eye of the pin. The mast and stiff legs stand on heavy timbers, which meet at right angles at the foot of the mast, and are weighted or fastened to the ground. The mast turns with the boom, which is attached to it. A stiff-leg derrick is a hoisting machine complete in itself. No guy line is ordinarily needed or used. When the derrick was first rigged, no guy line was attached, and, there being no iron pin at hand, a wooden pin was used to hold down the stiff legs. In the use of the derrick, in reaching sidewise for the stone, an unusual strain was put upon one of the stiff legs. This strain broke the wooden pin, and the derrick fell down. When it was rigged again, an iron pin was used to hold the stiff legs down, and a guy line was run from the top of the mast to the ironwork of a bridge near by. This guy line was composed of a pair of blocks and tackle fastened to the top of the mast by a rope strap composed of three double strands. This strap or loop was placed around the pin in the top of the mast, and the block hooked into it. The rope used to make the strap was as good as new, but by the turning of the mast gradually chafed through and broke, letting the block and tackle fall. The guy line was attached to permit the handling of stone beyond the normal reach of the derrick. By thus using this stiff-leg derrick in a manner for which it was not de-

signed, a car could be unloaded without being moved. The device was not necessary, for the car could have been moved, but it was convenient, because it saved the workmen the trouble of moving it. Plaintiff was in the employ of the defendant before the derrick was rigged with the guy line, but on another part of the job.

The record shows the defendant was at the derrick several times during the month the guy line was in use, but it does not show that he directed or suggested its use. Indeed, the court below, in directing a verdict for the defendant, offered to consider, on the motion for a new trial, "any evidence to show that the attachment of the guy rope to the derrick was caused by the master in any way." No advantage was taken of this offer. It is undoubtedly true, as the plaintiff claims, that the master owes his servant the positive duty of providing a reasonably safe place in which to work, and reasonably safe appliances with which to work, and that this cannot be escaped by intrusting its performance to an agent or servant. Such agent or servant, although working side by side with a servant injured through his negligence, is not regarded as a fellow servant, but as a representative of the master, for whose act the master is responsible. National Steel Co. v. Lowe (C. C. A.) 127 Fed. 311, 315. Under this rule it was the duty of the defendant to furnish a reasonably safe derrick for the use of the men employed on this job, not as a place, but as an appliance. Chambers v. American Tin Plate Co., 129 Fed. 561; Kelly v. Jutte & Foley Co., 104 Fed. 955, 44 C. C. A. 274. The testimony shows, however, that the derrick, as a stiff-leg derrick, was a reasonably safe appliance. The accident occurred not through the breaking of the derrick, or any part of it, but of the guy line attached by the fellow servants of the plaintiff for their convenience. It is true that the parts composing this guy line—the blocks, tackle, and rope—were furnished by the defendant. But they were not furnished for this use. They were sent out at the beginning of the job, along with the derrick, because blocks, tackle, and rope were needed in the proper use of the derrick as a stiff-leg derrick. There is nothing in the record to show that the master had anything to do with the use of this material as a guy line. The record fails to show that he ever directed, suggested, or contemplated such use. All the testimony was to the effect that a guy line, such as the one that was rigged, is no part of a stiff-leg derrick.

There is authority to the effect that the master is not responsible for an accident to a servant resulting from the negligence of a fellow servant engaged in rigging a derrick or similar appliance, when such work is a part of the duty of the common employment. Peschel v. Chicago, Milwaukee & St. Paul Ry., 62 Wis. 338, 21 N. W. 269; Beesley v. Wheeler & Co., 103 Mich. 196, 61 N. W. 658, 27 L. R. A. 266; Kalleck v. Deering, 161 Mass. 469, 37 N. E. 450, 42 Am. St. Rep. 421; McGinty v. Athol Reservoir Co., 155 Mass. 183, 29 N. E. 510; Marsh v. Herman, 47 Minn. 537, 50 N. W. 611. But it is unnecessary to consider the application of this rule, for the accident did not result from the negligent rigging of the derrick as a stiff-leg derrick. As a stiff-leg derrick, aside from the guy, it stood properly rigged at the time of the accident, and it continued to stand and do its work after the accident. The injury resulted from the attachment of an extraneous thing—a

guy line. This was placed there by the men for their own convenience, to permit the handling of stone a greater distance from the mast than could be done without it. The natural reach of this stiff-leg derrick would not admit of the unloading of all the stone on a car without moving the car. An attempt to handle the stone outside of a certain radius would result in a toppling of the derrick. To prevent this, the guy line was rigged. It was attached so that the derrick could be put to a use never contemplated by the master. This was an illegitimate use, and the master cannot be held liable for an injury resulting to one servant from such use of the derrick by his fellow servants. Injury from the illegitimate use of an appliance by fellow servants is one of the risks of the employment. The master is only responsible for injuries resulting from a defect of the appliance itself. Griffiths v. Gidlow, 3 Hurlstone & Norman, 648, 655; The Persian Monarch, 55 Fed. 333, 5 C. C. A. 117; Callaway v. Allen, 64 Fed. 297, 12 C. C. A. 114; Kelly v. Jutte & Foley Co., 104 Fed. 955, 44 C. C. A. 274.

The fact that the plaintiff, while employed on the job, was not working at the derrick when the guy line was attached, cannot operate to make the defendant liable. The negligence of the men was still the negligence to fellow servants, for which the master was not responsible. O'Connor v. Rich, 164 Mass. 560, 42 N. E. 111, 49 Am. St. Rep. 483; Burns v. Sennett & Miller, 99 Cal. 363, 372, 33 Pac. 916; Butler v. Townsend, 126 N. Y. 105, 112, 26 N. E. 1017.

The judgment of the lower court is affirmed.