UNITED STATES v. AMERICAN EXP. CO.

(Circuit Court, S. D. New York.   May 19, 1905.)

No. 3,971.

CUSTOMS DUTIES—CLASSIFICATION—STATUARY—CARVED "CISTERN."

> *Held*, that a "cistern" in several pieces, with figures sculptured thereon in almost full relief, is "statuary," within the meaning of that term as used in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 454, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1678].

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision under review reversed the assessment of duty by the collector of customs at the port of New York. The case involves the construction of Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 454, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1678], the pertinent part of which reads as follows:

> The term "statuary" as used in this act shall be understood to include only such statuary as is cut, carved, or otherwise wrought by hand from a solid block or mass of marble, stone, or alabaster, or from metal.

The opinion rendered by the Board of General Appraisers reads as follows:

> Waite, General Appraiser.  The item in controversy in this case is described in the invoice as "round cistern with hauts relief, dancing cupids in Carrara marble." It consists of a circular object in several pieces, the prominent sculptural work being children's figures, which are almost in full relief. There seems no doubt that the article is of a sufficiently high grade of work to be classified under paragraph 454 of the tariff act of 1897, under which the importers claim, if it is "statuary" within the meaning of that provision. In our judgment, it should be so classified. The protest claiming a rate of 15 per cent. ad valorem under Act July 24, 1897, c. 11, § 1, Schedule N, par. 454, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1678], and the Italian reciprocity agreement (31 Stat. 1979; T. D. 22,373), is accordingly sustained, and the collector's decision assessing the article for duty at 50 per cent. ad valorem, as a manufacture of marble, under section 1, Schedule B, par. 115, of the act (30 Stat. 159 [U. S. Comp. St. 1901, p. 1636]), is reversed.

Edward Hartley, for importers.
Henry A. Wise, Asst. U. S. Atty.

TOWNSEND, Circuit Judge.   Decision of the Board of General Appraisers affirmed on the authority of U. S. v. Perry (C. C.) 131 Fed. 841.