### JOHN WHITE *vs.* HORACE J. UNWIN.

Essex.    March 23, 1905. — June 23, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Negligence,* Employer's liability.

It is no evidence of negligence on the part of a superintendent that, after having ordered two carpenters working under him to move a staging constructed by the workmen a little way to make room for a window frame, he went away without stopping to see how the staging was moved and did not inspect it afterwards to see whether it had been made as strong as before, and if a journeyman carpenter is injured by a fall of the staging due to the negligence of his two fellow workmen in the manner of moving it or in not strengthening it after it was moved, he cannot hold his employer liable for his injuries.

TORT, under R. L. c. 106, § 71, cl. 2, by a journeyman carpenter against his employer, a contractor and builder, for personal injuries alleged to have been caused by the negligence of the defendant's superintendent. Writ dated April 1, 1902.

In the Superior Court the case was tried before *Gaskill*, J., who ruled that there was not sufficient evidence to warrant the submission of the case to the jury, and ordered a verdict for the defendant. He reported the case for determination by this court. If the ruling was correct, judgment was to be entered on the verdict; if it was erroneous, judgment was to be entered for the plaintiff in the sum of $1,200 by agreement of the parties.

*J. P. Sweeney*, for the plaintiff.

*J. G. Walsh*, for the defendant.

KNOWLTON, C. J. The plaintiff, a journeyman carpenter, was working for the defendant upon a staging on the outside of a building, and was injured by the fall of the staging. The staging was like those ordinarily constructed by carpenters as a part of their regular business, for use in places where they are needed, and it is not contended that an employer, who furnishes his employees with proper materials and leaves them to construct such a staging, is liable to any one of them for the negligence of a fellow workman in doing the work. *Colton* v. *Richards*, 123 Mass. 484. *Killea* v. *Faxon*, 125 Mass. 485. *Kennedy* v. *Spring*, 160 Mass. 203. *O'Connor* v. *Rich*, 164 Mass. 560. *Adasken* v. *Gilbert*, 165 Mass. 443.

There was evidence tending to show that on the day before the accident the staging was moved a very short distance, by blows from a hammer of such force as to loosen the nails by which one of its supports was attached to the building. The evidence on this part of the case came from a single witness who was one of two persons directed by the superintendent to put in a window frame. According to his testimony, it became necessary to move the staging a little to make room for the window frame, and he testified that the superintendent told them to move it for that purpose. There was no evidence that the superintendent saw what was done to move it, or how it was left. The evidence tended to show that after giving this direction he went away and did not return until it was time to leave off work for

the day. There was no evidence that there was anything in the appearance of the staging, after it was moved, to indicate that it was not left as safe as before, or that the superintendent had any knowledge that it was unsafe at any time before the accident. The defect described was seemingly one that would not ordinarily be discovered without a close inspection.

The principal contention of the plaintiff is that the jury might have found the superintendent negligent in not discovering and repairing the defect before the accident. This presents the question whether it was his duty to inspect the work of the two men who made the change, before permitting the staging again to be used. As we already have seen, it has frequently been decided that an employer or his superintendent owes his employees no such duty when he directs the construction of a new staging by workmen whom he supplies with proper materials for the work. These two men, who were told to move the staging, knew that its use as a staging was to be continued. Its situation and the condition of the work made that plain. They knew that men might be expected to go to work upon it at any time. They knew, therefore, that in changing it, they ought to leave it in a safe condition. If they loosened some of the nails by striking upon the support and moving it a fraction of an inch, more nails driven into the support in its new place would have made it strong. There was evidence of negligence on the part of these men in moving the staging without leaving it well supported, and the question is whether it was the duty of the superintendent to inspect their work after it was done, to see whether they had done it properly, or whether he might assume that they exercised due care in moving the staging, as he might have assumed that the other workmen used due care in constructing it. We are of opinion that there was no such difference between the relations of these two carpenters to the safety of the staging as they were expected to leave it, and the relations of those who built it to its safety originally, as to call for the application of different rules to the different conditions. The superintendent well might expect that these carpenters, in changing the position of a staging which was expected to be used at any time by themselves or their companions, would exercise the same care to have it safe that they would exercise if they were building a new one. He

properly might trust the work to them as well in one case as in the other.  See *Burns* v. *Washburn*, 160 Mass. 457 ; *Carroll* v. *Willcutt*, 163 Mass. 221.

We are of opinion that there was no evidence of negligence on the part of the superintendent.

*Judgment on the verdict.*