ROBERT O. LOUD *vs.* LANE & LIBBY.

Knox.    Opinion December 18, 1907.

*Master and Servant.   Negligence.   Fellow Servant.*

1.  When the master in the work of unloading coal from vessels has furnished his servants with safe and suitable appliances to be set up by them for unloading a particular vessel, he is not responsible to one such servant for the negligence of a co-servant in setting up such appliances.
2.  When in such case the appliances thus set up fell to the injury of the plaintiff solely because of the negligence of a co-servant in not making them fast to suitable supports, or in not using preventer stays or other precautions against the giving way of such supports, the master is not liable.
3.  One is not the less a co-servant of such negligent servant by having been employed to work with such appliances after they were set up.

On exceptions by plaintiff.   Overruled.

Action on the case to recover damages for personal injuries sustained by the plaintiff and caused by the alleged negligence of the defendant, a corporation, in discharging a cargo of coal from a schooner at the defendant's wharf in Vinalhaven.   Plea, the general issue.

Tried at the January term, 1907, of the Supreme Judicial Court, Knox County.  After the plaintiff's evidence was closed, the defendant made a motion for a nonsuit.  The presiding Justice granted

the motion, withdrew the case from the jury, and made the following ruling and order :   "Plaintiff nonsuit, with agreement on the part of the defendant that upon exceptions by the plaintiff the evidence shall be reported and printed ready for use before the Law Court at the expense of the defendant.   It is also further stipulated on the part of the defendant, if the Law Court is of opinion that the order of nonsuit should be overruled and that the case should be sent back to a jury for trial, it will consent that the court may enter judgment against it for the sum of fourteen hundred dollars."

The plaintiff then excepted to the "withdrawal of the case from the jury, and the order of nonsuit and rulings."

The case appears in the opinion.

*Joseph E. Moore and C. M. Walker*, for plaintiff.
*Benj. Brooks, Edward C. Stowe and M. O. Garner*, for defendant.

SITTING :   EMERY, C. J., WHITEHOUSE, STROUT, PEABODY, CORNISH, KING, JJ.

EMERY, C. J.   The evidence adduced by the plaintiff shows the following : — The defendant company was engaged in the coal business at Vinalhaven where it owned and occupied a wharf for the unloading and storage of coal from vessels and for other purposes.   A vessel, not owned by the defendant, having arrived at this wharf with coal consigned to the defendant and to be unloaded, two men, Young and Dyer, in the employ of the defendant went to the wharf and vessel and set up tackles and other appliances, furnished by the defendant, for hoisting the coal out of the hold of the vessel and conveying it to the coal shed.   They rigged up an iron triangle over the hatch and a wheeling platform between the fore and main mast, supported by a rope or span passing through blocks at the head of each mast and down near the foot of the mast.   At the foot of the mainmast this supporting rope was made fast around the mast itself.   At the foot of the foremast it was passed under a hook or snatch and made fast to a cleat on the mast.   This cleat was designed and used to hold the foresail halyards supporting the foresail when hoisted.   To this triangle, thus supported, a gin

block was attached through which passed the hoisting rope connecting the hoisting buckets with the hoisting power on the wharf.

After rigging up these appliances as above stated, these two men, with others in the employ of the defendant, began the work of discharging the coal, Dyer going into the hold to shovel coal into the bucket and Young going on the platform to wheel the coal to the shed, as hoisted. The plaintiff was employed by the defendant a few hours later to join this crew and began wheeling coal on the platform along with Young. This work of unloading the coal was begun in the afternoon of one day and at about eleven o'clock of the next forenoon as a bucket of coal was being hoisted it caught under the hatch, and the consequent strain pulled the cleat off the foremast allowing the tackle or triangle to fall upon the plaintiff to his injury.

Nothing but the cleat gave way. None of the ropes, blocks, etc., proved insufficient. The giving way of the cleat was the sole cause of the injury. Upon subsequent inspection the cleat was found to be decayed on the inside next the mast.

It does not directly appear who set the discharging crew at work or who directed Young and Dyer to set up the appliances for unloading, but it is to be presumed that some agent of the defendant having authority did so. It does not appear that any directions were given to any of the men how to set up the appliances or how, where, or to what, to make them fast, or what precautions to take against the giving way of any fastening. The superintendent of the defendant company was about on the wharf occasionally, but there is no evidence that he gave any directions, or that he or any other officer of the defendant company knew how the appliances were arranged or secured. So far as appears that was left to the workmen themselves.

There were available several other supports of greater strength than the cleat to which the ropes sustaining the triangle, etc., could have been fastened. Indeed, Dyer, one of the two men setting up the appliances, suggested another support, but Young, who seems to have been the foreman of that work, nevertheless selected the cleat. There was no allegation nor evidence that either Young or Dyer

was incompetent or too habitually careless to be intrusted with such work.

The plaintiff claims that upon the above statement the defendant company was guilty of negligence toward him, an employee, in not having the sustaining ropes more securely fastened and in not having preventive stays rigged to hold up the triangle, etc., in case anything broke or gave away. No other negligence is alleged or claimed. Granting, arguendo, these omissions to be negligence, it remains to be considered whether the negligence was that of the defendant in the performance of its duty to the plaintiff, or was the negligence of fellow servants of the plaintiff for which the defendant would not be liable.

In this case it was the duty and the whole duty of the defendant to the plaintiff to exercise due care in the supply and maintenance of suitable and sufficiently strong platforms, ropes and other appliances for the discharging coal from vessels with safety to its employees by the exercise of due care on their part, and to exercise due care for the employment of competent and ordinarily careful men for the work. This duty the defendant seems to have performed, or at least there is no evidence of non-performance and hence performance is to be presumed. *Nason* v. *West*, 78 Maine, 253. The platform, the triangle, blocks, pulleys, ropes, etc., necessary for the work proved to be suitable and sufficient. These appliances were not fixed, but were movable,— to be set up and fastened anew to different supports for the discharging of each new cargo of coal as it arrived. The support whether cleat, windlass, rail or mast, to which the appliances, the apparatus, should be fastened for support was not part of them. That would be left behind when these should be taken down and removed.

The setting up and making fast these appliances, including the selection of the place or object to which to make them fast, for the purpose of discharging a particular cargo of coal, was part of the operation or work of discharging coal to be done by the workmen sent to discharge the cargo. Negligence in this setting up, fastening and generally making secure, including securing by preventive stays if necessary, was the negligence of those workmen, for which,

under the settled law of this State, the defendant is not responsible. *Dube* v. *Lewiston*, 83 Maine, 211; *Atkins* v. *Field*, 89 Maine, 281; *Rounds* v. *Carter*, 94 Maine, 535; *Small* v. *Manufacturing Co.*, 94 Maine, 551; *Pellerin* v. *Paper Co.*, 96 Maine, 388; *Amburg* v. *Paper Co.*, 97 Maine, 327; *Lombard* v. *Paper Co.*, 101 Maine, 114.

That the plaintiff's employment to assist in discharging the coal was after the platform, etc., were set up does not make the defendant liable for such negligence. The defendant was for that reason under no greater obligation to him than to the others. *Killea* v. *Faxon*, 125 Mass. 485; *O'Connor* v. *Rich*, 164 Mass. 560. The latter case was cited in *Beal* v. *Bryant*, 99 Maine, 112, where it was said at page 119 : "It matters not that the stage was already secured in position before the plaintiff was set to work discharging the coal. An employer under such circumstances owes one who is about to enter his service no duty to inspect all the work which has been done by his servants previously, and which may ordinarily be entrusted to them without liability to their fellow servants."

In *Donnelly* v. *Granite Co.*, 90 Maine, 110, the defendant did not furnish suitable and sufficient ropes for holding up the platform, etc., for loading paving blocks on a vessel, but it was recognized in that case, page 115, that where the "master does not undertake the duty of furnishing or adapting the appliances by which the work is to be performed, but this duty is intrusted to or assumed by the workmen themselves within the scope of their employment, he is exempt from responsibility, if suitable materials are furnished and suitable workmen are employed by him, even if they negligently do that which they undertake;" also at p. 116 that "when the selection of the materials or construction of the appliances to the business is such that it may properly be left to the workmen in their capacity as workmen and within the scope of their employment and it is so left by the master he is relieved from responsibility for their negligence as in the case of a mason or carpenter building a house where in the progress of the work a staging is being frequently changed or enlarged."

In *Beal* v. *Bryant*, 99 Maine, 112, the defendant did not furnish suitable or sufficiently strong ropes for holding up the platform used in discharging coal from a vessel, but the court in that case said by way of caution, "The adjusting and securing the platform in place was incidental to and a part of its contemplated use, one of the ordinary duties of the workmen and a part of the work they were engaged to do. In doing this they acted as fellow servants of the plaintiff and the defendants would not be liable for their negligence in the manner of doing it."

In *Twombly* v. *Electric Light Co.*, 98 Maine, 353, a movable ladder, furnished by the defendant for the plaintiff, its employee, to stand upon while at work, was decayed and fell under his weight.

Had the ladder fallen because not properly set up or properly secured at top or bottom by a fellow workman of the plaintiff, the case would have been like this and it is evident the master would not have been responsible.

It follows that the defendant in this case is not shown to be responsible for the plaintiff's hurt, and that he must look to those whose negligence was the cause. *Atkins* v. *Field*, 89 Maine, 291.

*Exceptions overruled.*