MICHAEL COYNE *vs.* JOHN B. BYRNE.

Middlesex.    November 12, 1912. — March 12, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Employer's liability.

If a workman employed upon a building in process of construction, in attempting to pass from a staging on the inside of an unfinished brick wall of the building to a staging on the outside of the wall, steps on a "spreader," which is a piece of wood fastened temporarily across the middle of a window frame to prevent it from buckling as the wall is constructed around it, he takes the risk of an injury caused by the spreader giving way and precipitating him to the ground.

A building contractor is not liable at common law to one of his workmen, who was injured by the giving way of a spreader that was fastened negligently across a window frame, if the fastening was done by a fellow servant of the injured workman; nor can such contractor be held liable at common law on the ground that the injured workman had been taught to step on such spreaders by an employee of the contractor whom it was his duty to assist, such employee being also a fellow servant of the injured workman.

TORT, under the employers' liability act and at common law, by a workman for personal injuries sustained on January 31,

1910, when the plaintiff was in the employ of the defendant, who was engaged as a contractor in constructing a school building in the town of Stoneham. Writ dated April 16, 1910.

In the Superior Court the case was tried before *King*, J. It appeared that at the time of the accident the plaintiff was assisting one O'Toole, a staging builder of the defendant, to raise to a higher level the staging outside the brick walls, which had been built up some distance above the level of the second floor; that in the walls were certain places for windows, and that, when the wall reached the height where the window sills would rest, the window frames were placed in position and the wall was built around the frames. A piece of wood from two and a half to three inches wide, about one inch thick and as long as the width of the frames was placed directly across the inside of each window frame, from one side to the other, about midway of the frame and parallel with the top and bottom of it. The plaintiff, in attempting to pass from the inside staging to the outside staging, stepped upon this piece of wood in one of the frames, and was precipitated to the ground below, receiving his injuries. The piece of wood was called a "spreader" and is so referred to in the opinion, where the other material evidence is described.

At the close of the evidence the defendant asked the judge to order a verdict for the defendant. This the judge refused to do. He ruled that no sufficient notice of the time, place and cause of the injury was given to the defendant, and submitted the case to the jury on the common law counts of the declaration. The jury returned a verdict for the plaintiff in the sum of $2,500; and the defendant alleged exceptions.

*M. O. Garner,* for the defendant.

*F. J. Carney,* for the plaintiff.

HAMMOND, J. The manifest office of a "spreader" is to keep the sides of the window frame from buckling under the pressure of the brick wall in process of construction; and the defendant testified that he never knew one to be used for any other purpose.

The building was incomplete. It is natural for workmen in moving about under such circumstances to avail themselves more or less for the time being of almost any object within reach which promises the slightest aid. Even if, as the evidence for the plaintiff tended to show, a workman in passing between the outside

and inside stages sometimes used a spreader as a stepping place, such a use is so far disconnected from its manifest office that the workman must be regarded as acting at his own risk. *Gillette* v. *General Electric Co.* 187 Mass. 1, and cases cited.

Moreover, the case was submitted to the jury only upon the common law counts. The spreader gave way because the fastening was weak. Both the workmen who did the fastening and O'Toole, by whom the plaintiff, as he testified, had been taught to step upon spreaders, were fellow workmen of the plaintiff. The negligence, if any there was, was that of these fellow servants, for which the defendant is not answerable. A verdict should have been ordered for the defendant in accordance with his request.

*Exceptions sustained.*