MICHAEL COYNE *vs.* JOHN B. BYRNE.

Middlesex.    November 19, 1913. — May 25, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Negligence,* Employer's liability. *Custom.*

In an action by a workman against a building contractor by whom he was employed for injuries caused by the giving way of a spreader in the window frame of a building in process of construction, on which the plaintiff stepped in attempting to pass from a staging on the inside of an unfinished brick wall to a staging on the outside, in order that the proof of a custom among workmen to step on a spreader in going from an inside staging to an outside staging may affect the rights of the parties, such custom must have been uniform, universal and of such long continuance that all concerned might be presumed to know it, and consequently its existence would not make it the duty of the defendant to instruct a competent carpenter who had been in his employ for eight years that in putting in a spreader he must make it strong enough for the workmen to step on.

TORT, under the employer's liability act and at common law, by a workman for personal injuries sustained on January 31, 1910, when the plaintiff was in the employ of the defendant, who was engaged as a contractor in constructing a school building in the town of Stoneham.  Writ dated April 16, 1910.

In the Superior Court the case first was tried before *King,* J. The jury returned a verdict for the plaintiff in the sum of $2,500; and the defendant alleged exceptions, which were sustained by this court in a decision reported in 214 Mass. 221.

There was a new trial of the case before *Fox,* J.  At the close of the plaintiff's evidence, which differed from that at the first trial only in the presentation of evidence in regard to an alleged custom as described in the opinion, the case was submitted to the jury under an agreement of counsel that on the coming in of the jury the judge might order a verdict for the defendant and report the case upon the stipulation that, if this court should hold that upon the competent evidence in the case the jury were warranted in finding for the plaintiff, judgment was to be entered for the plaintiff for the amount of damages found by the jury with interest from the date of the finding; otherwise, judgment was to be entered for the defendant.

The jury returned a verdict for the plaintiff in the sum of $4,000, whereupon the judge ordered a verdict for the defendant and reported the case for determination by this court with the stipulation stated above.

*F. J. Carney,* for the plaintiff.

*E. I. Taylor,* for the defendant.

LORING, J.   At the new trial consequent upon the decision made in *Coyne* v. *Byrne,* 214 Mass. 221, the defendant rested on the plaintiff's evidence.

The only difference in the evidence introduced at the two trials consisted in testimony given at the second (1) tending to show that there was a custom among workmen when going from the inside stage to the outside stage to "put up two hands and take hold of the outside plank, . . . step up on the end of the spreader and get right out on the outside stage;" and ( 2 ) that no warning was given to the carpenter who nailed the stay or spreader here in question in reference to making the stay or spreader safe for persons to go upon.

We do not find it necessary to consider whether the evidence introduced by the plaintiff went far enough to warrant a finding that there was a valid custom to the effect stated.   Because to be valid and binding a custom "must be a custom of sufficiently long continuance, that all parties may be presumed to know it, it must be uniform, it must be universal," as was held in *Porter* v. *Hills,* 114 Mass. 106.   For a later case see *Barrie* v. *Quinby,* 206 Mass. 259, 265.   McInnes, the employee to whom the defendant left the work of putting up the stays or spreaders in the building here in question, had been in his employ eight years, and on the evidence he must be taken to have been a carpenter.   If there was a uniform, universal custom of sufficiently long continuance so that all parties might be presumed to know it, it must have been as well known to McInnes as to the defendant, and the defendant had a right to assume that to be so.   Under these circumstances there was no occasion for the defendant to give McInnes instructions to comply with the custom in putting up the spreaders.   The defendant performed his full duty to the plaintiff when he furnished the proper materials and left the putting up of the spreaders to a carpenter of experience.   See for example cases like *White* v. *Unwin,* 188 Mass. 490, and *Callahan* v. *Phillips Academy,* 180 Mass. 183.

There was no competent evidence warranting a verdict for the plaintiff, and by the terms of the report judgment must be entered for the defendant.

*So ordered.*